**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DESMOND ROBINSON,

      Petitioner,

                                          CASE NO. 2:13-CV-10722

v.                                     HONORABLE DENISE PAGE HOOD
                                          UNITED STATES DISTRICT JUDGE

THIRD CIRCUIT COURT,

      Respondent.

_____/

**ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE**

       This is a habeas corpus petition filed by a state prisoner. According the Michigan Department of Corrections website, Petitioner is serving a 12-to-30 year sentence at the Michigan Reformatory for his Wayne Circuit Court convictions of armed robbery and first-degree home invasion. The case number for his custodial sentence is Wayne Circuit No. 12004787-01-FC. The petition appears to challenge a different conviction, Wayne Circuit No. 11005391-02-FH.  Petitioner describes this as a September 15, 2011, guilty plea conviction of second-degree home invasion.

       Petitioner only completed the first page of the twelve-page form petition. In a single attached handwritten page, Petitioner states in full: "Desmond Robinson Number 808339 have a pending probation violation and I want to go on a writ for the case.  Case No. 11005391-02-FH."  The petition is devoid of any other allegations.

       Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland*

*v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

Habeas corpus petitioners must meet the heightened pleading standards set forth in the Rules Governing Section 2254 Cases. *McFarland v. Scott*, 512 U.S. 849, 855 (1994). Rule 2 of the Rules Governing Section 2254 Cases provides in relevant part that a habeas petition must:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

Rule 2(c), Rules Governing Section 2254 Cases.  In addition, the petition must "substantially follow either the form appended to [the habeas] rules or a form prescribed by a local district court rule. Habeas Rule 2(d). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citation omitted). The Court has authority to dismiss before service any petition in which it plainly appears that the petitioner is not entitled to relief. Rule 4, Rules Governing Section 2254 Cases.

The petition filed here does not meet the standards set forth in Rule 2 of the Habeas Rules. The petition does not state any claims, it does not state any facts supporting grounds for relief, it does not state whether Petitioner has attempted to exhaust his state court remedies, nor does it substantially follow the form appended to the Rules Governing Section 2254 Cases or the form used by this district.  Accordingly, the petition is dismissed without prejudice. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 756 (E.D. Mich. 2006).  If Petitioner wishes to pursue habeas relief, he must file a petition that complies with Rule 2(c).

2

Accordingly, for the foregoing reasons,

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 14, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager